IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LONEL HARDEMAN JR. | § | |
| v. | § | CIVIL ACTION NO. 6:10cv16 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lonel Hardeman, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hardeman complained about a disciplinary case which he received for testing positive on a drug test. The case was overturned on appeal. After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Hardeman failed to show the deprivation of a constitutionally protected liberty interest, as set out in Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Hardeman has filed objections to the Magistrate Judge's Report.

In his objections, Hardeman says that he had a protected liberty interest in a fair and impartial hearing under the Due Process Clause. He also contends that his transfer to a more restrictive housing environment amounted to the deprivation of a protected liberty interest, and that the transfer was done in retaliation because he would not give information to prison officials.

Hardeman's contention that he has a protected liberty interest in a fair and impartial hearing overlooks the holding in Sandin, which states that the operative interest involved is the nature of the deprivation. Because Hardeman's disciplinary case was overturned, he has not shown that a

1

deprivation was imposed which implicated any protected liberty interests. Nor has Hardeman shown that he has a constitutionally protected interest in his classification status or his housing assignment. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Luken v. Scott, 71 F.3d 92, 93 (5th Cir. 1995).

Although Hardeman argues that his transfer to a more restrictive housing unit was done in retaliation for his refusal to provide information, he has failed to identify the specific constitutional right he invoked for which he suffered retaliation. In Thomas v. Thomas, 46 Fed.Appx. 732, 2002 WL 1973888 (5th Cir., August 8, 2002), the plaintiff complained that prison officials retaliated against him for his refusal to become an informant against the Muslim community. The Fifth Circuit stated that because the plaintiff did not indicate that he complained about this conduct to the officials' supervisors and then suffered retaliation for exercising his constitutional right of access to the courts, the district court did not err in dismissing the retaliation claim. *See also* Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

Similarly, in Bradley v. Rupert, civil action no. 5:05cv74, 2007 WL 2815733 (E.D.Tex., September 25, 2007, no appeal taken), the plaintiff complained that an officer retaliated against him because he would not provide information regarding the theft of another inmate's radio. The Court stated as follows:

> This allegation does not show that Miles retaliated against Bradley for the exercise of a constitutional right; while Bradley may have had good reason for refusing to provide the information, his right to do so is not protected by the Constitution of the United States. Hence, Bradley has failed to set out a valid retaliation claim on this point. *See* Johnson v. Rodriguez, 110 F.3d 299, 310-11 (5th Cir. 1997) (no retaliation claim can be stated for the filing of frivolous litigation because there is no constitutional right to do so).

In the present case, as in Bradley, Hardeman's retaliation claim fails because he has not shown that he was retaliated against for the exercise of a constitutionally protected right. His objection on this point is without merit.

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such review, the Court

has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to any claims which Hardeman may raise regarding allegations of physical abuse. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of September, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**